IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

ARVEDA ROLLINS, Personal Representative )
  of the Estate of Dr. John Gordon Rollins, )
                                            )
                    Plaintiff,              )
                                            )
vs.                                         )   NO. CIV-12-921-D
                                            )
THE STATE OF OKLAHOMA, ex rel., the         )
  NORMAN VETERANS CENTER, an agency )
  or division of the Oklahoma Department of )
  Veterans Affairs; CHRISTY HOWELL,         )
  individually; and MARY CLIFTON,           )
  individually,                             )
                                            )
                    Defendants.             )

## ORDER

Before the Court is the motion for judgment on the pleadings [Doc. No. 16] of Defendants Christy Howell ("Howell") and Mary Clifton ("Clifton"). Plaintiff timely responded to the motion. Howell and Clifton seek judgment pursuant to Fed. R. Civ. P. 12(c), arguing the allegations in the Complaint establish that they are entitled to qualified immunity on Plaintiff's claims that they violated the decedent's substantive due process rights under the Fourteenth Amendment.

Background:

Plaintiff brought this action[1] as personal representative of the decedent, Dr. John Gordon Rollins ("Dr. Rollins"). She asserts claims pursuant to 42 U.S.C. § 1983, alleging that the defendants violated Dr. Rollins's constitutional rights to substantive due process under the Fourteenth Amendment as a result of the treatment he received at the Veterans Center in Norman,

---

[1]This action was initially filed in the District Court of Oklahoma County, but was removed by the defendants on the basis that Plaintiff asserts a claim arising under federal law, thus establishing subject matter jurisdiction in this Court pursuant to 28 U.S.C. §1331.

Oklahoma, where he was an incapacitated full time resident.[2]  Plaintiff also asserts a state tort claim, alleging that the Veterans Center was negligent in its treatment of Dr. Rollins.  During the time period relevant to the claims, Howell was the Administrator of the Norman Veterans Center, and Clifton was the Director of Nursing.

Plaintiff asserts separate § 1983 claims against Howell and Clifton[3] in their individual capacities, alleging that they acted under color of state law in their respective positions as Administrator and Director of Nursing at the Veterans Center, which is an agency or division of the Oklahoma Department of Veterans Affairs.  She contends that both were deliberately indifferent to Dr. Rollins's  serious medical needs and their conduct deprived him of his substantive due process rights under the Fourteenth Amendment.  More specifically, she contends that Howell and Clifton were expressly instructed by the Veterans Center's Medical Director that Dr. Rollins required special treatment when he was to be transferred or moved, and the proper transfer method required that two persons lift him by using a  "full body lift."  Response brief [Doc. No. 17] at p. 4.  Plaintiff further alleges that the Medical Director repeatedly informed Howell and Clifton that Dr. Rollins should not be lifted by one staff member using his or her arms around Dr. Rollins's arms and chest because that lifting method could cause life threatening internal bleeding and trauma.  According

---

[2]Although Plaintiff does not disclose Dr. Rollins's age at the time of his death in 2010, she alleges that he was a veteran of World War II.

[3]As Howell and Clifton state in their motion, Plaintiff's negligence claim is not expressly asserted against them, and only §1983 claims are directed at them.  They argue, however, that they cannot be liable for negligence as a matter of law under Oklahoma's Governmental Tort Claims Act ("GTCA"). In her response to the motion, Plaintiff does not contend that the negligence claim is asserted against Howell or Clifton, and she does not address their GTCA argument. The Court accepts the parties' construction of the allegations as asserting only  §1983 claims against Howell and Clifton, and need not address the movants' GTCA argument.

to her allegations, Howell and Clifton continually ignored this directive, and they failed to ensure that staff members were aware of the proper method for lifting Dr. Rollins. Plaintiff contends that they did so despite their knowledge of the serious risks of improperly lifting or transferring Dr. Rollins.

Plaintiff further alleges that Dr. Rollins died while a patient at the Veterans Center, and she contends the defendants' negligence or deliberate indifference caused his death.

Howell and Clifton now seek judgment on the pleadings, arguing that they are entitled to qualified immunity from liability as a matter of law on the § 1983 claims because Plaintiff has not asserted an established constitutional right which they allegedly violated.

Standard of review:

"Qualified immunity protects government officials performing discretionary functions from individual liability in federal claims unless their conduct violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Nielander v. Board of County Comm'rs,* 582 F. 3d 1155, 1166 (10th Cir. 2009) (quoting *Shero v. City of Grove*, 510 F.3d 1196, 1204 (10th Cir.2007). When considering a qualified immunity claim, a district court is not required to consider the elements of the defense in any particular order. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). A claim of qualified immunity is properly asserted in a motion to dismiss or a motion for judgment on the pleadings. *Springer v. Albin*, 398 F. App'x 427, 431 (10th Cir. 2010) (unpublished) (citing *Walker v. City of Orem*, 451 F.3d 1139, 1146 n. 5 (10th Cir. 2006)).

A motion for judgment on the pleadings is governed by the same analysis applicable to a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Turner v. City of Tulsa*, 2013 WL 2166110, at *2 (10th Cir. May 21, 2013) (unpublished) (citing *Park University Enterprises, Inc. v.*

*American Cas. Co.,* 442 F.3d 1239, 1244 (10th Cir. 2006)). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Johnson v. Fisher*, 497 F. App'x 822, 824 (10th Cir. 2012) (unpublished) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A motion for judgment on the pleadings 'should not be granted unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law.'" *Colony Insurance Co. v. Burke*, 698 F.3d 1222, 1228 (10th Cir. 2012) (quoting *Park University*, 442 F.3d at 1244).

The correct standard for consideration of a motion to dismiss asserting qualified immunity is the same as for dismissals generally. *Archuleta v. Wagner* 523 F.3d 1278, 1281 (10th Cir. 2008) (citing *Moya v. Schollenbarger*, 465 F.3d 444, 455 (10th Cir.2006). Thus, the Court must apply the *Twombly*[4] standards to determine the sufficiency of the allegations. As the Tenth Circuit has held, to avoid dismissal based on qualified immunity, "plaintiffs must allege facts sufficient to show ... that the defendants plausibly violated their constitutional rights, and that those rights were clearly established at the time." *Robbins v. Oklahoma,* 519 F.3d 1242, 1249 (10th Cir.2008). "[C]omplaints in § 1983 cases against individual government actors pose a greater likelihood of failures in notice and plausibility because they typically include complex claims against multiple defendants. The *Twombly* standard may have greater bite in such contexts, appropriately reflecting the special interest in resolving the affirmative defense of qualified immunity 'at the earliest possible stage of a litigation.'" *Id.* at 1248-1249 (quoting *Anderson v. Creighton*, 483 U.S.635 at 646 n. 6 (1987)).

Application:

---

[4]*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). In *Twombly*, the Court held that, to avoid dismissal, a complaint must contain sufficient factual allegations to "to state a claim to relief that is plausible on its face." *Id.*

Plaintiff's § 1983 claims against Howell and Clifton allege that each violated the decedent's substantive due process rights under the Fourteenth Amendment by ignoring medical orders regarding his treatment. She contends that their conduct evidences deliberate indifference to his serious medical needs, constitutes conduct that shocks the conscience, and thus satisfies the requirements for a substantive due process claim.

"The Due Process clause of the Fourteenth Amendment protects an individual's life, liberty, and property against government actions." *Estate of B.I.C. v. Gillen*, 710 F.3d 1168, 1173 (10th Cir. 2013) (citing *Daniels v. Williams*, 474 U.S. 327, 331 (1986)). A Fourteenth Amendment substantive due process claim arises when a plaintiff alleges the government deprived him of a fundamental right. *Koessel v. Sublette County Sheriff's Dept.*, 717 F.3d 736, 749 (10th Cir. 2013) (citing *Williams v. Berney*, 519 F.3d 1216, 1220 (10th Cir. 2008)). "Substantive due process protects fundamental liberty interests and protects against the exercise of government authority that 'shocks the conscience.'" *Id.* (quoting *Seegmiller v. LaVerkin City*, 528 F.3d 762, 767 (10th Cir. 2008)).

To establish a substantive due process claim, the claimant must first identify the existence of a fundamental liberty interest and then show that the governmental conduct at issue violated that interest. "[I]n any given § 1983 suit, the plaintiff must still prove a violation of the underlying constitutional right." *Daniels*, 474 U.S. at 330. Even if such a right exists, the cited conduct "may not be enough to state a claim." *Id.*

The Tenth Circuit has held that substantive due process rights do not extend to medical care for individuals who are not involuntarily confined by the state. *Villalpando ex rel. Villalpando v. Denver Health and Hospital Authority,* 65 F. App'x 683, 687 (10th Cir. 2003) (unpublished). "The Tenth Circuit recognizes a constitutional right to adequate medical treatment only in 'narrow

circumstances'- 'when the State takes a person into its custody and holds him there against his will.'" *Id.* (quoting *Johnson ex. rel. Johnson v. Thompson*, 971 F.2d 1487,1496 (10th Cir. 1992)). "We have specifically refused to expand this right to the circumstance when an unconfined plaintiff voluntarily availed himself of medical services." *Villalpando*, 65 F. App'x at 687.

In *Villalpando*, the Circuit rejected a substantive due process claim brought by a decedent's personal representative. The decedent sought medical care in a state facility and, while a patient, suffered a fatal heart attack. His personal representative filed suit, alleging state law claims and a § 1983 claim based on the contention that there is "a substantive due process right to adequate medical care, and a complementary cause of action under 42 U.S.C. § 1983 for those deprived of this right." *Villalpando*, 65 F. App'x at 687. Rejecting that claim, the Tenth Circuit held "there is no categorical constitutional right to adequate medical care," and explained:

> "The Due Process Clause does protect an interest in life. It does not follow, however, that the state necessarily has a constitutional duty to take affirmative steps to preserve life." *Johnson ex. rel. Johnson v. Thompson*, 971 F.2d 1487, 1495 (10th Cir. 1992) (citations omitted). *See also DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 195 (1989) (holding the Due Process "Clause is phrased as a limitation on the State's power to act, not as a guarantee of certain minimum levels of safety and security...").

*Id.*

More recently, the Tenth Circuit has recognized that, although substantive due process protects an individual who has a "special relationship" with the state, that protection applies only to circumstances in which the individual is in some form of state custody. *Gray v. University of Colorado Hospital Auth.,* 672 F. 3d 909, 923 (10th Cir. 2012). In *Gray*, a patient suffering epilepsy voluntarily sought treatment in a state hospital and, while undergoing treatment, died after an epileptic seizure. His estate sued the state and several hospital employees, alleging that, *inter alia*,

the decedent's substantive due process rights were violated because the hospital and staff failed to properly monitor him, and thus acted with "deliberate indifference to the decedent's due process right not to be denied necessary medical care and treatment." *Id.* at 912-13.

The Tenth Circuit held that substantive due process rights were not triggered by these circumstances. The Circuit discussed examples in which a state's "affirmative act of exercising physical control and dominion over the person constitutes a deprivation of liberty triggering substantive due process protection." *Gray,* 672 F.3d at 923 (citing *DeShaney,* 489 U.S. at 197-200, which listed "arrest, incarceration, and institutionalization" as examples of such affirmative acts). As the Circuit explained, the Supreme Court has recognized substantive due process protections only in custodial settings, including those involving a detained suspect, a convicted prisoner, and an involuntarily committed mental patient. *Id.* (citations omitted). Additionally, the Tenth Circuit has held that the state's placement of a child in involuntary foster care constitutes a restraint of liberty triggering substantive due process rights. *Id.* (citing *DeAnzona v. City and County of Denver*, 222 F.3d 1229 (10th Cir. 2000)). According to the Circuit, these examples "demonstrate that the restraint of liberty necessary to invoke substantive due process protection...requires state action involving force, the threat of force, or a show of authority, with the intent of exercising dominion and control over the person." *Gray,* 672 F.3d at 924.

Applying these standards to the plaintiff's claim in *Gray,* the Circuit found no substantive due process claim was available, as the "decedent most assuredly was not in the custody of Defendants at the time of his death because Defendants did not affirmatively act to place him there." *Id.* at 923. Furthermore, "Defendants did not restrain decedent's liberty or freedom to act through a show of force or authority." *Id.* at 924.

In this case, Plaintiff's allegations are strikingly similar to those in *Gray*, as she contends that the conduct of Howell and Clifton shows they were deliberately indifferent to Dr. Rollins's serious medical needs. However, "[i]n cases where the unconfined plaintiff voluntarily seeks medical treatment, " 'negligent or even wilfully indifferent or reckless [conduct does not] take on the added character of violations of the federal Constitution.'" *Villalpando*, 65 F. App'x at 687(quoting *Johnson*, 971 F.2d at 1496 (internal quotations omitted)).

Furthermore, Plaintiff's allegation that the conduct of Howell and Clifton is sufficient to "shock the conscience" does not avoid the requirement that there must be an underlying fundamental interest that was infringed by the conduct. "The due process clause of the Fourteenth Amendment prohibits executive abuse of power which shocks the conscience." *Muskrat v. Deer Creek Pub. Sch.*, 715 F.3d 775, 786 (10th Cir. 2013) (ellipsis and internal quotation marks omitted); *Villalpando,* 65 F. App'x at 687; *Seegmiller v. LaVerkin City*, 528 F.3d 762, 767 (10th Cir.2008)). Alleging such conduct does not, however, avoid the requirement that it must occur in some form of involuntary restraint or confinement to trigger a substantive due process claim.

The Court concludes that Howell and Clifton are entitled to qualified immunity from liability on Plaintiff's § 1983 claims against them because Plaintiff has not alleged a clearly established constitutional or statutory right which could have been violated by their conduct, and no reasonable person in their respective positions would have known that their conduct violated an established right. *See, e.g., Nielander*, 582 F.3d at 1166. Accordingly, the motion for judgment on the pleadings [Doc. No. 16] is GRANTED. The claims against Howell and Clifton are dismissed.

Having dismissed the only federal claims in this action, the Court may decline to exercise supplemental jurisdiction over the state law claims. 28 U.S.C. § 1367(c)(3). "'When all federal

claims have ben dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims.'" *Koch v. City of Del City* 660 F.3d 1228, 1248 (10th Cir. 2011) (quoting *Smith v. City of Enid ex rel. Enid City Comm'n,* 149 F.3d 1151, 1156 (10th Cir. 1998)). Where, after removal, a court disposes of all federal claims and only state law claims remain, it has "discretion either to remand the claims to the state court or to dismiss them" without prejudice. *Thompson v. City of Shawnee,* 464 F. App'x 720, 726 (10th Cir. 2012) (unpublished) (citing *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 357 (1988)).

In this case, the Court declines to exercise supplemental jurisdiction over the remaining state law claims. The Court finds that remand is preferable to dismissal without prejudice. Accordingly, the action is remanded to the District Court of Oklahoma County, Oklahoma for further proceedings on the remaining state law claims. The Clerk is directed to take the necessary action to effectuate remand.

IT IS SO ORDERED this 2nd day of August, 2013.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE